UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARA PERINO, | : |
|     Plaintiff, | : CIVIL ACTION NO.: |
| V. | : |
| EDIBLE ARRANGEMENTS INTERNATIONAL, LLC And TARIQ FARID, Individually, | : *JURY TRIAL DEMANDED* |
| | : SEPTEMBER 25, 2013 |
|     Defendants. | : |

## COMPLAINT

Plaintiff Tara Perino brings this action against Edible Arrangements International, LLC and Tariq Farid, individually, seeking back pay, money damages, and other legal and equitable relief for unlawful discriminatory actions directed against her on the basis of sex, religion, national origin and race, and for unlawful retaliatory actions, all in violation of Title VII, 42 U.S.C. §1981, and of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§46a-51, *et. seq.* ("CFEPA"). Specifically, defendants developed and maintained a workplace in which women are treated in a disrespectful and chauvinistic manner, and in which persons of a South Asian ethnic background and persons known or perceived to be adherents of the Muslim faith receive favorable treatment.

## *PARTIES*

1. Plaintiff Tara Perino is a resident of Wallingford, Connecticut. Plaintiff is a native of the United States, and a Caucasian, non-Muslim female.

2. Defendant Edible Arrangements International, LLC ("Edible Arrangements") is a Delaware limited liability company, having its principal place of business in Wallingford, Connecticut. On information and belief, Edible Arrangements is the successor in interest to Edible Arrangements International, Inc., a Delaware corporation, which maintained its principal place of business at the same location in Wallingford, Connecticut. On information and belief, Edible Arrangements' members are Edible Brands, Inc., a Connecticut corporation with a principal place of business in the same Wallingford, Connecticut location as Edible Arrangements, and Catterton Partners Corporation, a private equity firm located in Greenwich, Connecticut, which, on information and belief, is incorporated in Delaware.

3. Defendant Tariq Farid ("Farid") is a resident of Cheshire, Connecticut. Farid is a native of Pakistan, and a South Asian, Muslim male.

## *JURISDICTION AND VENUE*

4. Jurisdiction over the subject matter of this litigation exists under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, the Civil Rights Act of 1991, and 42 U.S.C. §1981. As to those claims not arising under federal law but clearly so related to the claims in this action within the original jurisdiction of this court, jurisdiction exists under the doctrine of supplemental jurisdiction as codified in 28 U.S.C. §1367.

5. Plaintiff timely filed administrative charges of discrimination and retaliation with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and Equal Employment Opportunity Commission ("EEOC") and has received a Right to Sue letter from the EEOC dated September 11, 2013, as well as a Releases to Sue from the CHRO dated September 12, 2013. Copies are attached hereto as Exhibits A and B, respectively.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2), as the unlawful conduct complained of herein took place within the District of Connecticut and all parties reside in the District.

## STATEMENT OF FACTS

7.      Edible Arrangements is a U.S.-based franchising business that specializes in fresh fruit arrangements, melding the concept of fruit baskets with design inspired by the floral business. The company, through its franchises, also sells a variety of specialty fruit gift items, such as gift boxes featuring premium chocolate dipped fruit, and fresh-fruit-to-go products. It has over 92 employees and annual revenue of almost $500 million. It is a private company.

8.      At all relevant times herein, Farid was a founder, member, majority owner, Chief Executive Officer, and head of Edible Arrangements and controlled all of Edible Arrangements' major policy and business decisions, including hiring, firing and executive personnel decisions. By virtue of this position with Edible Arrangements, Farid had the power to effect a significant change in plaintiff's employment status, including the ability to hire, fire, fail to promote, reassign duties and responsibilities, and to cause changes in benefits.

9.      Farid is a devout adherent of the Muslim faith. Farid and his brother, Kamran Farid (Edible Arrangements' Chief Operating Officer), at all relevant times hereto have been the two trustees of a foundation called the Farid Foundation, operated out of the same location as Edible Arrangements. Farid Foundation makes significant contributions to Islamic causes and organizations, including the Farid Foundation Pakistan; the Salma K. Farid Academy; Islamic Circle of North America Relief; the Muslim Coalition of Connecticut; the Inner-City Muslim Action Network; the Wallingford Islamic Center; Masjid Al-Islam; and the Islamic Association

of Southern Connecticut. The funding for these donations is derived in large part from donations by Farid and his brother, and by Edible Arrangements and its affiliated entities.

10. Plaintiff possesses a B.A. in international business from Gannon University and an MBA with an emphasis in Finance and Accounting from Pennsylvania State University. Plaintiff has been working in the financial field for over 16 years and has substantial experience managing multi-location financial teams, working in areas of strategic financial analysis, budgeting and forecasting, and cost control. Plaintiff has held the position of Chief Financial Officer for two national corporations.

11. Plaintiff began working for Edible Arrangements in May 2011 in the capacity of Controller, reporting to the company's Chief Financial Officer, George Wilson. Mr. Wilson was responsible for the company's accounting department, which consisted entirely of female employees.

12. In her capacity as Controller, plaintiff was responsible for assisting in the management of the operations of the accounting department; overseeing the accounting of subsidiaries; assisting department heads in the interpretation of financial data; working with financial controls and audits; managing budgets; overseeing accounting and financial metrics; and performing financial analyses as needed.

13. In March 2012, plaintiff received an annual review that included five ratings of "meets expectations," four ratings of "exceeds expectations," and no unfavorable ratings of "unacceptable" or "needs improvement." Her overall rating was "meets expectations" and she received a $6,000 merit increase in her base salary, taking it from $120,000 to $126,000.

14. In May 2012, based on information provided from Ms. Shama Mohamed, a woman of South Asian descent and a Muslim who held the title of Manager of Edible

Arrangements' Dubai office, Farid accused plaintiff of failing to perform certain duties incident to transitioning certain international accounting functions to the company's Dubai office. In so doing, he used gender-based slurs such as referring to plaintiff as an "arrogant woman" and also as a "monkey bitch."

15. This was not an isolated incident of Farid's disrespect and malignment of female Caucasian workers. Indeed, Farid directed such expletives and generally abusive and deprecating language on an ongoing basis to the non-Muslim female Caucasian employees of Edible Arrangements' accounting and purchasing departments, creating a generally hostile atmosphere. This atmosphere created above-average employee turnover and caused several placement agencies to refuse to place female candidates with Edible Arrangements.

16. Farid's accusations against plaintiff were inaccurate and stemmed from tasks that were the primary responsibility of Mr. Amjad Shah, a Muslim employee recently hired in the Dubai office. The slurs by Farid led plaintiff to complain to Mr. Wilson, her supervisor. Plaintiff specifically informed Mr. Wilson that Farid disrespects women and generally favors South Asian, Pakistani, and Muslim employees.

17. Neither Mr. Wilson nor the legal department headed by Ashen Saber, a Muslim of South Asian descent, failed to take any action in response to plaintiff's complaint.

18. In light of the lack of action by Mr. Wilson and the legal department, plaintiff brought her concerns of discriminatory treatment and hostile atmosphere to Ms. Mavis Pemberton, the acting head of Edible Arrangements' Human Resources department. Ms. Pemberton was sympathetic, acknowledged the validity of plaintiff's complaint regarding the discriminatory treatment and hostile atmosphere and tried to assist plaintiff and to address her specific concerns. Before Ms. Pemberton could accomplish this, or perhaps because of her

attempts to do so, Farid terminated her employment.

19. On August 8, 2012, plaintiff received an increase to her salary, this time of $10,000, bringing her salary to $136,000. Mr. Wilson informed plaintiff that this was a merit increase at his behest for outstanding performance and to make her salary more competitive.

20. Thereafter, in early August 2012, Farid again confronted plaintiff on an accounting issue similar to that raised in May. He was again mistaken as to the facts he was relying upon and plaintiff explained the true situation to him, showing him emails between her and other Muslim and South Asian employees. Farid cut plaintiff off and stated her explanation "was a bunch of bullshit from a woman."

21. Later that same month, Farid referred to plaintiff as a "stupid bitch" and stated admiration that he could not "make [plaintiff] cry like other women." He stated that "someone obviously taught [plaintiff] well," that "woman usually cry and are so emotional." He insisted plaintiff was not performing up to his standards because "men in Pakistan do a better job" than plaintiff ever could.

22. Plaintiff again complained to the company's head of Human Resources, this time to the man who had been hired to replace Ms. Pemberton, Tom Horn. Yet again no corrective action was taken.

23. In mid-September 2012, upon Farid's return from a multi-week vacation, he approached plaintiff in a personal and unprofessional manner, asking her to look at his "abs" while lifting up his shirt. When plaintiff was not receptive, Farid became angry, called plaintiff "stupid" and said he would fire plaintiff and all the non-Muslim "accounting bitches" that worked with plaintiff, while also indicating that Mr. Wilson, the only male in the accounting department, would be safe in his position.

24. On September 24, 2012, Farid commented to plaintiff that "as a woman, you obviously cannot manage," and that he was firing plaintiff because he was "the owner of the Company and could do what he wanted."

25. Also on September 24, 2012, plaintiff was replaced as Controller by Sania Mahmood, a 25-year-old female Muslim employee of South Asian descent who was far less qualified than plaintiff and many of the other non-Muslim Caucasian employees in the accounting department.

26. In addition to the above complaints plaintiff made to her supervisor, Mr. Wilson, and to both heads of Human Resources, plaintiff also complained of discriminatory treatment based on sex (female), religion (non-Muslim), national origin (non-Pakistani) and race (non-South Asian) to the Vice President of Compliance, Sarju Patel, a South Asian woman to whom Farid publicly referred as one of his "girlfriends," and also to Edible Arrangements' in-house counsel, Caroline Gilroy. Again, no corrective action was taken.

### FIRST COUNT
*(Against Edible Arrangements)*
*(29 U.S.C. §2000e, Title VII – Discrimination)*

27. Plaintiff hereby repeats and realleges paragraphs 1-26 as if more fully set forth herein.

28. Defendant Edible Arrangements is an "employer" as defined by 42 U.S.C. §2000e(b).

29. Defendant Edible Arrangements, at all times relevant hereto, has employed more than 15 employees.

30. Defendant Edible Arrangements' conduct, by and through its agents, in treating plaintiff in the manner aforesaid, discriminatorily denied plaintiff equal treatment on the basis of

sex, religion and national origin in violation of Title VII, as amended by the Civil Rights Act of 1991.

    31.    Defendant Edible Arrangements, in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite defendant's knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of sex, religion and national origin in violation of Title VII.

    32.    Defendant Edible Arrangements subjected plaintiff to illegal discrimination. Moreover, defendant Edible Arrangements unreasonably interfered with plaintiff's work, and plaintiff's complaints of discrimination were used by defendant as a basis for adverse employment decisions affecting plaintiff.

    33.    As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

### *SECOND COUNT*
*(Against Farid and Edible Arrangements)*
*(42 U.S.C. 1981, et seq. – Discrimination)*

    34.    Plaintiff hereby repeats and realleges paragraphs 1-26 as if more fully set forth herein.

    35.    Defendants' conduct, in treating plaintiff in the manner unequal to other employees on the basis of race, discriminatorily denied plaintiff equal treatment in violation of 42 U.S.C. §1981.

    36.    Defendants, in failing to adequately investigate and remedy the treatment to which plaintiff was subjected, despite defendants' knowledge of the conduct, discriminatorily denied plaintiff equal treatment on the basis of race in violation of 42 U.S.C. §1981.

37. The discriminatory acts of defendants as described above were intentional and were motivated on the basis of plaintiff's race.

38. As a result of defendants' conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## *THIRD COUNT*
### *(Against Edible Arrangements)*
### *(46a-60(a), et seq., CFEPA- Discrimination)*

39. Plaintiff hereby repeats and realleges paragraphs 1-26 as if more fully set forth herein.

40. Plaintiff was, at all times relevant hereto, an employee as that term is defined in Connecticut General Statutes §46a-51(9).

41. Defendant Edible Arrangements is an employer as that term is defined in Connecticut General Statutes §46a-51(10).

42. At all relevant times hereto, defendant employed more than three persons.

43. The acts of defendant Edible Arrangements as described above were motivated on the basis of plaintiff's sex, religion (non-Muslim), national origin and race in violation of Connecticut General Statutes §46a-60(a), *et seq*.

44. Said discrimination was willful, and defendant had knowledge that the above-described acts were in violation of Connecticut General Statutes §46a-60(a), or had a reckless disregard for the provisions of said statute.

45. As a direct and proximate result of the defendant's conduct, plaintiff has suffered and will continue to suffer damages, including but not limited to substantial loss in earnings and loss of material employment benefits.

## FOURTH COUNT
### (Against Edible Arrangements)
### (42 U.S.C. §2000e-3 (TITLE VII) – Retaliation)

46. Plaintiff hereby repeats and realleges paragraphs 1-26 as if more fully set forth herein.

47. The actions of defendant Edible Arrangements were taken in retaliation for plaintiff's effort to protect her rights in violation of 42 U.S.C. §2000e-3, Title VII.

48. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## FIFTH COUNT
### (Against Farid and Edible Arrangements)
### (42 U.S.C. §1981, et seq. – Retaliation)

49. Plaintiff hereby repeats and realleges paragraphs 1-26 as if more fully set forth herein.

50. Defendants' conduct, in treating plaintiff in the manner unequal to other employees on the basis of race, discriminatorily denied plaintiff equal treatment on the basis of race in violation of 42 U.S.C. §1981.

51. Moreover, once plaintiff attempted to protect her right to equal treatment, defendant retaliated against her in violation of 42 U.S.C. §1981.

52. The retaliatory acts of defendants as described above were intentional and were motivated on the basis of plaintiff's race.

53. As a result of defendants' conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## SIXTH COUNT
### (Against Farid and Edible Arrangements)
### (Connecticut General Statutes §46a-60(4) – Retaliation)

54. Plaintiff hereby repeats and realleges paragraphs 1-26 as if more fully set forth herein.

55. The actions of defendants were taken in retaliation for plaintiff's protests and opposition to discriminatory employment practices and in an effort to protect her rights, in violation of C.G.S. §46a-60(4).

56. As a result of defendants' conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

## SEVENTH COUNT
### (Against Farid)
### (Connecticut General Statutes §46a-60(5) – Aiding and Abetting)

57. Plaintiff hereby repeats and realleges paragraphs 1-26 as if more fully set forth herein.

58. In engaging in the actions as aforesaid, defendant Tariq Farid aided and abetted, incited and coerced defendant Edible Arrangements in undertaking its discriminatory and retaliatory actions in violation of Connecticut law.

59. As a result of defendant's conduct, plaintiff has suffered and will continue to suffer past and future economic, physical and emotional harm.

***WHEREFORE***, plaintiff is seeking:

1. Compensatory damages, including loss of enjoyment of life, emotional pain and suffering, back pay, bonuses, and the value of all other employment benefits in an amount to be determined by the trier of fact, with interest from the date when said sums were due;

2. Front pay;

3. Punitive damages;

4. Attorney's fees;

5. Prejudgment interest and costs;

6. An injunction permanently enjoining the defendant, its agents, employees, successors, assigns and all persons who acted in concert and participation with defendant, from engaging in any employment practice which discriminates on the basis of sex, religion, race and/or national origin; and

7. Such other and further relief as this Court shall deem just and proper.

By /s/ Scott R. Lucas
Scott R. Lucas, ct00517
Lucas Bagnell Varga LLC
2425 Post Road, Suite 200
Southport, CT 06890
(203) 227-8400
(203) 227-8402 (fax)
slucas@lucasbagnell.com

***Attorney for Plaintiff***

**EXHIBIT A**

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Tara Perino
14-7 Saint Andrews Circle
Wallingford, CT 06492

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2013-00576 | Anne R. Giantonio, Intake Supervisor | (617) 565-3189 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Feng K. An,
Acting Director

SEP 1 1 2013
*(Date Mailed)*

Enclosures(s)

cc:
EDIBLE ARRANGEMENTS INTERNATIIONAL
95 Barnes Road
Wallingford, CT 06492

Scott R. Lucas
Lucas Bagnell Varga LLP
Attorneys At Law
2425 Post Road, Suite 200
Southport, CT 06890

**EXHIBIT B**

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Tara Perino
COMPLAINANT

CHRO No. 1330228

vs.

EEOC No. 16A-2013-00576

Edible Arrangments International, LLC
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

September 12, 2013
DATE

*Tanya A. Hughes*
Tanya A. Hughes
Interim Executive Director

Sent to:
Scott R. Lucas, Esq., via email only: slucas@lbv-law.com
Kevin P. Walsh, Esq., via email only: kwalsh@wwolaw.com

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Tara Perino
COMPLAINANT

CHRO No. 1330229

vs.

EEOC No. N/A

Tariq Farid
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

September 12, 2013
DATE

_Tanya A. Hughes_
Tanya A. Hughes
Interim Executive Director

Sent to:
Scott R. Lucas, Esq., via email only: slucas@lbv-law.com
Kevin P. Walsh, Esq., via email only: kwalsh@wwolaw.com