IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
---------------------------------------------------------X
                                            :
TARA PERINO                                 :          3:13 CV 1411 (JBA)
                                            :
V.                                          :
                                            :
EDIBLE ARRANGEMENTS INTERNATIONAL,          :          DATE: AUGUST 12, 2014
LLC ET AL                                   :
---------------------------------------------------------X
```

RULING ON DEFENDANTS' MOTION TO COMPEL

On September 25, 2013, plaintiff commenced this employment action against her former employer, Edible Arrangements International, LLC and its founder and Chief Executive Officer, Tariq Farid (Dkt. #1), followed by an Amended Complaint, filed October 18, 2013 (Dkt. #11).  Plaintiff asserts seven claims against defendants: Title VII discrimination and retaliation, against defendant Edible Arrangements only (First and Fourth Counts); Section 1981 discrimination and retaliation against both defendants (Second and Fifth Counts); CFEPA, CONN. GEN. STAT. § 46a-60(a) discrimination and retaliation against both defendants (Third and Sixth Counts); and aiding and abetting under CONN. GEN. STAT. § 46a-60(a)(5) against defendant Farid (Seventh Count).  Defendants filed their Answer and affirmative defenses on December 9, 2013.  (Dkt. #22).

Under the latest scheduling order filed by U.S. District Judge Janet Bond Arterton on May 22, 2014 (Dkt. #29), all discovery is to be completed by October 29, 2014, and all dispositive motions are to be filed by November 29, 2014.  On June 13, 2014, defendants filed the pending Motion to Compel and brief in support (Dkts. ##33-34),[1] as to which

---

[1]The following twelve exhibits are attached to defendants' brief (Dkt. #34): declaration of defense counsel, sworn to June 13, 2014; copy of Defendants' First Set of Interrogatories and Requests for Production of Documents, dated January 24, 2014, with numerous authorizations attached (Exh. A); copy of Plaintiff's Objections and Responses to Defendants' First Set of Interrogatories and Requests for Production, dated March 28, 2013 (Exh. B); copies of

plaintiff filed her brief in opposition seventeen days later.  (Dkt. #35).[2]  Defendants' reply

brief was filed on July 10, 2014.  (Dkt. #36).[3]  On August 5, 2014, Judge Arterton referred

this pending motion to this Magistrate Judge.  (Dkt. #37).

For the reasons stated below, defendants' Motion to Compel (Dkt. #33) is <u>granted</u>

<u>in part and denied in part</u>.

## I.  DISCUSSION

Eleven discovery requests are at issue in this motion: Interrogatories Nos. 11, 12, 13

and 16, and Requests for Production Nos. 23, 25, 28, 30, 33, 37 and 38, falling into five

discrete categories.[4]

### A.  DISCOVERY REGARDING PLAINTIFF'S HEALTH AND HEALTH CARE PROVIDERS

In Interrogatories Nos. 11, 12 and 13, and Requests for Production Nos. 37 and 38,

defendants ask plaintiff to identify each health care provider, hospital, nursing home and

rehabilitation center, and pharmacy she has used since 2002, along with copies of treatment

and authorizations from each; defendants complain that she has disclosed records from only

two treating physicians, post-termination, one of which was a single, undated  page.  (Dkt.

#34, at 4-7 & n.2 & Exh. A; Dkt. #36).  Plaintiff objects to requests that span almost thirteen

---

correspondence between counsel, dated April 11, May 6, 20 & 29, 2014 (Exhs. C-F); copies of
TurboTax Electronic Filing Instructions for 2011-13, showing summary of adjusted gross income
and taxable income (Exh. G); copy of excerpt from Economic Report and Analysis, dated March
2014 (Exh. H); copies of e-mails (Exh. I); copies of pension information (Exh. J); and copies of
case law (Exh. K).

[2]Two exhibits are attached: copies of case law (Exh. 1); and copy of Order Regarding
Objection to Requests to Revise, filed June 10, 2014, in the Connecticut Superior Court in New
Haven, in <u>Edible Arrangements International, LLC v. Tara Perino</u>, Dkt. No. CV 136042140S (Exh. 2).

[3]A copy of case law is attached.

[4]With all due respect for all counsel involved in this litigation, all of whom this Magistrate
Judge has known for years, these are very simple discovery issues that counsel should, and could,
have resolved on their own, without imposing upon the Court.

years as well as "blanket authorizations for complete and total access" to all plaintiff's medical records. (Dkt. #34, Exh. B; Dkt. #35, at 5-8).  In their reply brief, defendants object to plaintiff having "cherry-picked documents and information relating solely to post-termination medical treatment that she deems helpful to her case[,]" but "[i]n the interest of compromise and expediting resolution of this dispute, . . . [d]efendants are willing to narrow the requested time frame . . . to 2006 to the present and continuing through trial." (Dkt. #36, at 1-4).

It is highly likely that the overwhelming majority of medical records are completely unrelated to the issues in this litigation.  And even defendants' "compromised" start date of 2006 is still five years prior to her employment with plaintiff, which began in May 2011. In order to resolve this issue as simply as possible, plaintiff is to submit copies of all her medical records from 2008 through the present to this Magistrate Judge's Chambers for her <u>in camera</u> review on the issue of relevancy, and further shall identify which records have already been disclosed to defense counsel.

B.  TAX INFORMATION

In Request for Production No. 23, defendants have requested all tax documentation from plaintiff from 2010 to the present, as well as authorizations to the IRS and Connecticut Department of Revenue Services, complaining that plaintiff has produced some redacted W-2's and tax return summaries from TurboTax, and that the information she supplied is at variance with her expert report.  (Dkt. #34, at 7-10 & n. 4 & Exhs. A, G-H; Dkt. #36, at 4-5). Plaintiff argues that only her post-termination income is relevant.  (Dkt. #34, Exh. B; Dkt. #35, at 8-9).

Again, while it is highly likely that the overwhelming majority of entries on plaintiff's

tax returns are totally unrelated to the issues in this litigation, plaintiff is to submit copies of these tax returns from 2011 to the present to this Magistrate Judge's Chambers for her <u>in camera</u> review on the issue of relevancy, and further shall identify which records have already been disclosed to defense counsel.

### C.  POST-TERMINATION MITIGATION EFFORTS

In Interrogatory No. 16 and Requests for Production No. 28 and 30, defendants have requested information regarding plaintiff's mitigation efforts, complaining that plaintiff's response was inadequate.  (Dkt. #34, at 10-11 & Exhs. A, I; Dkt. #36, at 5).  Plaintiff responds that she found subsequent employment within four months and has produced all available written records of her job search.  (Dkt. #34, Exh. B; Dkt.  #35, at 9-10).  Defendants argue that the e-mail chains that were produced by plaintiff were "clearly incomplete[.]"  (Dkt. #36, at 5).

To the extent that plaintiff has additional documents to the e-mail chain, including attachments, she shall provide them to defense counsel.

### D.  POST-TERMINATION EMPLOYERS

In Request for Production No. 33, defendants have requested an authorization to obtain all post-termination employment records, complaining that plaintiff has provided only a few heavily redacted documents that do not identify her current employer.  (Dkt. #34, at 11-13 & Exhs. A, J; Dkt. #36, at 5-6).  Plaintiff has provided her W-2 information from her current employer, but she contends that any other information constitutes harassment.  (Dkt. #34, Exh. B; Dkt.  #35, at 10-12).

As in Section I.B <u>supra</u>, it is highly likely that the overwhelming majority of documents in plaintiff's new personnel file are totally unrelated to the issues in this litigation.

As a result, plaintiff is to submit a copy of plaintiff's post-termination personnel files, with respect to compensation and benefits only, to this Magistrate Judge's Chambers for her <u>in camera</u> review on the issue of relevancy, and further shall identify which records have already been disclosed to defense counsel.

### E.  UNEMPLOYMENT RECORDS

In Request for Production No. 25, defendants have requested documents regarding plaintiff's unemployment compensation benefit records from September 2012 through trial, as well as an authorization.  (Dkt. #34, at 13-14 & Exh. A; Dkt. #36, at 5-6).  Plaintiff argues that as a participant in the unemployment claim, defendant Edible Arrangements has the ability to obtain its own copies, and that plaintiff already has provided "all such records" in her possession. (Dkt. #34, Exh. B; Dkt.  #35, at 12).  In contrast, defendants contend that plaintiff has not produced any documents to corroborate her receipt of unemployment compensation benefits.  (Dkt. #36, at 6-7).  Defendants shall attempt to obtain these documents on their own from the Connecticut Department of Labor (if they don't already have them in their files), and if they are unable to do so, then plaintiff shall provide them with an authorization with respect to this claim only.[5]

### II. CONCLUSION

For the reasons stated above, defendants' Motion to Compel (Dkt. #33) is <u>granted in part with respect to Interrogatories Nos. 11, 12 and 13 and Requests for Productions Nos. 23, 33, 37 and 38 to the extent that in camera  review is ordered, to the extent set forth in Sections I.A, B, and D, supra, and plaintiff shall deliver these documents to this Magistrate Judge's Chambers **on or before September 5, 2014**</u>;

---

[5]Of all the disputes, this was the most juvenile, and unnecessary, one of all.

is granted in part with respect to Interrogatory No. 16 and Requests for Production Nos. 28 and 30 to the extent that plaintiff has supplemental documents as set forth in Section I.C, supra, and plaintiff shall produce such documents to defense counsel **on or before August 29, 2014**; and

is denied without prejudice to renew at a later time with respect to Request for Production No. 25 to the extent set forth in Section I.E supra.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[6]

Dated at New Haven, Connecticut, this 12th day of August, 2014.

  /s/ Joan G. Margolis, USMJ
  Joan Glazer Margolis
  United States Magistrate Judge

---

[6]If either counsel believes that a settlement conference before this Magistrate Judge could be productive, he or she should contact Chambers accordingly.