IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
TARA PERINO                                            :     3:13 CV 1411 (JBA)
:
V.                                                            :
:
EDIBLE ARRANGEMENTS INTERNATIONAL,  :     DATE: AUGUST 25, 2014
LLC ET AL                                                :
---------------------------------------------------------X

RULING FOLLOWING IN CAMERA REVIEW AND SUPPLEMENTAL SCHEDULING ORDER

The factual and procedural history behind this litigation was set forth in this Magistrate Judge's Ruling on Defendants' Motion to Compel, filed August 12, 2014 (Dkt. #42)["First August 2014 Ruling"], which ordered plaintiff to provide to this Magistrate Judge's Chambers by September 5, 2014 the following documents: copies of all her medical records from 2008 through the present (at 2-3), copies of her tax returns from 2011 to the present (at 3-4), and copies of her post-termination personnel files, with respect to compensation and benefits only (at 4-5).  Under the present scheduling order, filed August 13, 2014 (Dkt. #43)["First August 2014 Scheduling Order"], all expert depositions are to be completed by January 9, 2015, and all dispositive motions are to be filed by February 6, 2015.

On August 22, 2014, the Magistrate Judge received plaintiff's cover letter, dated August 21, 2014, with approximately one inch of materials for in camera review, for these three categories of documents.[1]  As indicated in her cover letter, defendants already have received copies of medical records from plaintiff's internist and counselor (Bates Nos. TP 684-97), and after a careful in camera review of the records of plaintiff's gynecologist (Bates Nos.

---

[1] The materials were very well organized.

TP 826-43), the Magistrate Judge finds that these medical records are totally irrelevant to the issues raised in this litigation.

As further indicated in her cover letter, defendants already have received copies of plaintiff's 2013 W-2 (with the name of her current employer redacted) and Turbo Tax summaries (Bates Nos. TP 708-10, 788), and after a careful <u>in camera</u> review of plaintiff's W-2's and complete tax returns for the years 2011 to 2013 (Bates Nos. 859-1013), the Magistrate Judge finds that only the following five pages need to be produced as relevant: Bates Nos. 860-64, which are her 1099G form from with the Connecticut Department of Labor for 2012 and her W-2's for 2011 and 2012.

Lastly, as further indicated in her cover letter, the "substance of plaintiff's compensation and benefits" with her current employer has been disclosed to defendants, with the name of her current employer redacted (Bates Nos. TP 700-07, 710, 787-88), and after a careful <u>in camera</u> review of the remaining items in plaintiff's current personnel file (Bates Nos. 844-58), the Magistrate Judge finds that the following four pages need to be produced as relevant: TP 844 and 856-58, which are the portions of her contract with her current employer that concern compensation and benefits.

Plaintiff further seeks to redact the name of her current employer in light of defendant Edible Arrangements' state lawsuit against her and the negative comments defendant Farid has made against her in interviews. (Exh. A, Bates Nos. TP 1014-19). Somewhat similar concerns were expressed by the plaintiff in <u>Forshey v. Sound Oral & Maxillofacial Surgery, P.C.</u>, No. C06-5335 (RJB), 2007 WL 81872, at *1 (W.D. Wash. Jan. 8, 2007), where the plaintiff-oral surgeon brought a lawsuit against her former employer for wrongful termination; at her next job in Pennsylvania, her new employer received an

anonymous letter and three phone calls from defendant criticizing plaintiff, and "a few days" after plaintiff's counsel made disclosure identifying her next employer in Maryland, that new employer received an anonymous letter disparaging plaintiff.  As a result, plaintiff sought a protective order to prevent defendants and their attorneys from contacting any current or former employees of this new employer in Maryland, outside of "formal discovery" by defense counsel.  Id. at *1-2.  The district judge granted plaintiff's motion, in that "the protective order sought by . . . plaintiff is very narrow in scope and would likely not hamper the parties' ability to obtain discovery through proper channels . . . . " Id. at *2.  The district judge added that counsel were to advise their clients of the contents of his ruling and should "strongly encourage their compliance."  Id.

There is no concrete evidence in the record here that defendants will attempt to sabotage plaintiff's position with her new employer, as was clearly the case in Forshey, but given the pending state lawsuit, given the statements in the two newspaper articles, and given the tone of the discovery filings here to date, it is prudent, in an abundance of caution and to avoid potential controversy on this issue, to allow for the identification of plaintiff's current employer only with the added condition that defendants shall not contact plaintiff's current employer except through "formal discovery" channels utilized by defense counsel.

Therefore, **on or before September 3, 2014**, plaintiff shall provide copies of these nine pages to defense counsel, without redacting her current employer's name, but subject to the condition that defendants shall not contact plaintiff's current employer except through "formal discovery" channels utilized by defense counsel.  By that same date, plaintiff shall also provided unredacted versions of Bates Nos. TP 701-07, and 787-88.

Because this discovery ruling is subject to review, the materials submitted for in camera

review shall remain in this Magistrate Judge's Chambers; if any party files an objection to this discovery ruling, then the materials will be forwarded to Judge Arterton's Chambers for her in camera review.

As previously indicated, the First August 2014 Ruling ordered plaintiff to submit these materials by September 5, 2014 (at 5), and the First August 2014 Scheduling Order provided that "[i]f plaintiff provides the documents for an in camera review substantially prior to September 5, 2014, then the Magistrate Judge will accelerate these deadlines accordingly." Because plaintiff submitted the materials two weeks early, the deadlines in the First August 2014 Scheduling Order are advanced as follows:

1. Defendants shall serve their expert reports **on or before October 10, 2014**, and all expert depositions shall be completed **on or before December 22, 2014**.

2. After a pre-filing conference, any dispositive motions will be filed **on or before January 23, 2015**. If no dispositive motions are filed, then the parties' Joint Trial Memorandum shall be filed **on or before February 6, 2015**.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 25th day of August, 2014.

                                                 /s/ Joan G. Margolis, USMJ  
                                                 Joan Glazer Margolis  
                                                 United States Magistrate Judge